### HAYT v. MALONE et al.

*(Supreme Court, General Term, Second Department. May 12, 1890.)*

CORPORATIONS—ACTIONS BY CREDITORS AND STOCKHOLDERS—INJUNCTION.

In an action under Code Civil Proc. N. Y. §§ 1781, 1782, providing that stockholders and creditors of corporations may sue the officers to compel an accounting for official misconduct, where the allegations of the complaint, that plaintiff is a creditor and stockholder of the corporation; that the president, who was one of the defendants, had appropriated property of the corporation to his own use, and intended to remove all the corporate property from the county where the corporation did business; that it had ceased to do business; and that both it and the president were insolvent,—are specifically denied, an injunction against defendants' interfering with the corporate property until the trial will not be disturbed.

Appeal from special term, Putnam county.

Action by Ezra A. Hayt against Bernard J. Malone, Joseph Malone, and Putnam Corset Company. Defendants appeal from an order continuing a temporary injunction enjoining defendants from appropriating, removing, or interfering with the assets, etc., of the company until the trial.

Argued before BARNARD, P. J., and PRATT, J.

*Eugene C. Kremer*, for appellants. *Frederic S. Barnum*, for respondent.

BARNARD, P. J. The plaintiff has a right to bring an action against the officers of a corporation to compel an accounting for official misconduct, and the payment for property of the corporation which the officers have acquired, or have transferred to others. Code, § 1781. The plaintiff is a stockholder and creditor of the defendant corset company, and as such has a standing as plaintiff. Id. § 1782. The complaint sets forth a good cause of action under these sections. The Putnam Corset Company is a manufacturing company. The place of manufacture is in Putnam county. The defendants Bernard J. Malone and Joseph Malone are directors in said company. The plaintiff is a creditor and stockholder. The complaint states that Bernard J. Malone, who is also the president of the company, has in his possession property which belongs to the company, which he has appropriated to his own use; that the president of the company shipped to New York property of the company, and that the shipment was not entered on the books of the company, and the goods were taken possession of by the president after they arrived at New York; that the president took a portion of the machinery of the company, and sent it to Brooklyn, where he received it at his private place of business; that the president designs to remove all the property of the company from Putnam county; that the company has ceased to do business, its president is insolvent, and he is appropriating the property of the company to his individual uses; that the entire assets of the company will not pay its debts. The answer contains a specific denial of all the charges in the complaint. It avers that plaintiff is neither stockholder nor creditor, and that the company is solvent, and that the president is an honorable man, perfectly solvent, and that the interest of the company would be best subserved by letting him manage the affairs of the company. There is a great mistake somewhere. The issue is wholly irreconcilable. Under such a state of facts, it is best that the present condition remain until a trial shall develop the truth. Upon the issue as to the plaintiff being a stockholder, the case does not return the contracts, apparently annexed to the complaint, whereby he avers that he became such stockholder. The rights of the plaintiff are such as to make an injunction a proper remedy. If he shall be adjudged

to be a creditor, he has the right to claim that the partnership property be applied to pay the debt, and that the remainder, if any, after payment of debts, be justly distributed. Order affirmed, with costs and disbursements.